## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Consumer Financial Protection Bureau, | Case No. 1:21-cv-01199 |
| Plaintiff, | Hon. John J. Tharp Jr. |
| v. | |
| BrightSpeed Solutions, Inc, and Kevin Howard, | |
| Defendants. | |

## DEFENDANTS BRIGHTSPEED SOLUTIONS, INC. AND KEVIN HOWARD'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants BrightSpeed Solutions, Inc., ("BrightSpeed") and Kevin Howard ("Howard," and collectively, "Defendants"), by the undersigned counsel, hereby file their Answer to the Complaint filed by Plaintiff Consumer Financial Protection Bureau ('CFPB'), and state as follows:

### ANSWER

1.    Paragraph one of the Complaint purports to set out the theory of the CFPB's action, and the relevant statutes it claims are at issue. This is a legal conclusion and Defendants are not required to provide a response. To the extent a response is required, Defendants state that the Complaint speaks for itself.

## JURISDICTION AND VENUE

2.     Defendants admit this Court has subject matter jurisdiction.

3.     Defendants admit this venue is proper.

## Parties

4.     Paragraph 4 contains legal conclusion to which no response is required. To the extent a response is required, Defendants state that the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

5.     Defendants admit the allegations in Paragraph 5.

6.     Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants state that the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

7.     Defendants admit the allegations in Paragraph 7, except denies the characterization that "Howard cultivated BrightSpeed's relationships with banks and was deeply involved in the company's day-to-day operations."

8.     Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants state

that the cited legal provisions speak for themselves, and Defendants deny any characterization thereof. Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

## Factual Background

9. Defendants admit the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants admit that they opened and maintained RCC processing accounts with two regional banks, but deny the remaining allegations of Paragraph 12.

13. Defendants admit that they maintained processing accounts at the first bank, but deny the remaining allegations of Paragraph 13.

14. Defendants admit that they maintained processing accounts at the second bank, but deny the remaining allegations of Paragraph 14.

15. Defendants deny the allegations of Paragraph 15.

### *Fraudulent Technical Support Scheme*

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and so deny the same.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and so deny the same.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and so deny the same.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and so deny the same.

### *Indicia of Fraud*

21.     Defendants deny the allegations and characterizations in Paragraph 21 of the Complaint.

22.     Defendants admit that they became aware, at some point, of customer complaints. Defendants further admit that they facilitated numerous refunds or cancellations related to many of those complaints. Defendants deny the numerical characterization of the volume of Complaints alleged by the CFPB. Defendants further deny the characterization of the content of the

Complaints, as restated by the CFPB. With respect to the information published by the FBI, Defendants state that the webpage links speak for themselves.

23.     Defendants admit that some complaints were made directly to Defendants.  Defendants admit that if they received a complaint, they would investigate the complaint. Defendants admit that BrightSpeed's phone number was included on receipts exclusively to respond to dissatisfied customers, as alleged in Paragraph 23 of the Complaint.

24.     Defendants deny the inferences in Paragraph 24 of the Complaint. Defendants admit that of the Complaints it saw, some related to pop-ups and/or computer problems. Defendants are without knowledge as to the representations of the so called "Tech-Support" companies, and so denies the remainder of Paragraph 24 of the Complaint.

25.     Defendants are without knowledge as to the representations of the so called "Tech-Support" companies, and so denies the remainder of Paragraph 25 of the Complaint.

26.     Defendants admit the allegations in Paragraph 26 of the Complaint that they responded to inquiries from various law enforcement departments, but are without knowledge of the complete complaints filed in each case, and so deny specific knowledge of all of those reports.

### *Return Rates*

27.     Paragraph 27 of the Complaint contains a conclusion to which no response is required. To the extent a response is required, Defendants deny the accuracy of Plaintiff's legal conclusion, and state in response that the term "return rate" has numerous definitions. The remainder of Paragraph 27 contains a hypothetical, to which no response is required.

28.     Paragraph 28 of the Complaint contains a factual conclusion based on a premise and definition set forth in Paragraph 27. For the reasons set forth in Paragraph 27, Defendants are not required to respond to Paragraph 28. To the extent Defendants are required to respond to Paragraph 28 of the Complaint, Defendants deny the allegations therein.

29.     Defendants are without knowledge as to the allegations of paragraph 29 of the Compliant, and so deny the same.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

### *Warnings from Originating Banks*

31.     Defendants admit that there were instances that the Originating Banks expressed concern to Defendants, but deny the remaining allegations in Paragraph 31 of the Complaint.

32.     Defendants state that the correspondence quoted in Paragraph 32 of the Complaint speaks for itself, but denies any characterization therefrom.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint, including subparts a-d.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

### *Defendants' Vetting and Oversight of the Tech-Support Clients*

35.     Defendants deny the allegations and characterizations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations and underlying conclusions in Paragraph 36 of the Complaint.

37.     Defendants admit that they refunded certain consumer transactions. Defendants admit that they had refunded transactions by authorizing a return by the banks.  Defendants deny the remaining allegations in Paragraph 37 of the Complaint

38.     Defendants admit the allegations in Paragraph 38 of the Complaint.

39.     Defendants admit that some recordings did not encompass the entire conversation and are without knowledge of the remaining allegations in Paragraph 39 of the Complaint, and so deny the same.

40.     Defendants are without knowledge of the allegations in Paragraph 40 of the Complaint, and so deny the same.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

## COUNT I

### Violations of the Telemarketing Sales Rule and the Consumer Financial Protection Act
(*Defendants BrightSpeed and Howard*)

42.    Defendants incorporate their responses in Paragraphs 1-41 herein in response to Paragraph 42 of the Complaint.

43.    Paragraph 43 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that the referenced rules speak for themselves.

44.    Paragraph 44 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that the referenced rules speak for themselves.

45.    Paragraph 45 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that the referenced rules speak for themselves.

46.    Defendants deny the allegations in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations in Paragraph 47 of the Complaint, including subparts a-d therein.

48.    Defendants deny the legal conclusion in Paragraph 48 of the Complaint.

49.    Defendants deny the legal conclusions in Paragraph 49 of the Complaint.

## COUNT II
## Unfair Acts and Practices
(*Defendants BrightSpeed and Howard*)

50.     Defendants incorporate their responses in Paragraphs 1-41 herein in response to Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants state that the referenced act speaks for itself.

52.     Defendants deny the allegations and conclusions in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations and conclusions in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations and conclusions in Paragraph 54 of the Complaint.

## DEMAND FOR RELIEF

55.     Defendants deny that CFPB is entitled to any of the relief requested in parts 1-9 under the "Demand for Relief" heading.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense

1.      Plaintiff fails to state a plausible claim against Defendants upon which relief of any kind can be granted under any legal theory.

### Second Defense

2.      Defendants timely responded to any and all consumer complaints which came to their attention to the complete satisfaction of any consumer affected.

### Third Defense

3.      Plaintiff does not have standing to bring the specific claims in the Complaint against Defendants, as the claims exceed their statutorily provided authority.

4.      Specifically, Defendants do not engage in telemarketing, and so are not subject to the Telemarketing Sales Rule, despite Plaintiff's efforts to shoehorn Defendants within the purview of the statute.

5.      Plaintiff has knowingly brought this action in bad faith, aware that Defendants are not subject to the Telemarketing Sales Rule, and thus Plaintiff's limited scope of authority, in an effort to coerce monetary relief out of Defendants against the backdrop of the expense of a federal lawsuit.

## **Fourth Defense**

6.     Defendants did not fail to engage in proper due diligence, as alleged in the Complaint. Rather, Defendants had an evolving and robust due diligence process, which was constantly adapted to meet the challenges presented by the payment processing industry, and for which the documentary evidence previously provided to Plaintiff unquestionably demonstrates.

7.     Plaintiff ignores this evidence, instead falsely alleging and insinuating that Defendants did not have policies and procedures to combat any alleged instances of fraud or misrepresentation.

## **Fifth Defense**

8.     Throughout Defendant BrightSpeed's existence, the Originating Banks continued to work with BrightSpeed, despite the receipt of Complaints, because they were satisfied with BrightSpeed's responses to any alleged Complaints Defendants received.

## **First Affirmative Defense**
## **(Statute of Limitations)**

1.     The acts or practices of which Plaintiff is complaining of are barred by the statute of limitations.

### Second Affirmative Defense
### (Not Subject to Federal Laws)

2.     Plaintiff's allegations and requests for relief pursuant to the Telemarketing Sales Rule are inapplicable to Defendants .

### Third Affirmative Defense
### (Liability of Others)

3.     The acts of practices of which Plaintiff is complaining of are those of other parties, with whom Plaintiff is familiar with, yet has elected not to pursue.

4.     Defendants are informed and believe and thereon submit that the damages and relief Plaintiff seeks were proximately caused by others.

5.     If Defendants committed any wrongful act (which they deny), the conduct of other entities and persons are wholly responsible for the alleged damages.

### Fourth Affirmative Defense
### (Laches)

6.     Plaintiff's action is barred by the doctrine of laches, since Plaintiff has been aware of Defendants conduct since the inception of its business, but has waited until Defendants have closed their business, and were in financial distress, to bring this action in an effort to strategically leverage Defendants position against them, and so Defendants have been unfairly prejudiced by the delay.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to amend this Answer, Defenses, and Affirmative Defenses up and through the time of trial to assert any additional defenses and affirmative defenses, when and if, during the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert any such defenses or affirmative defenses.

WHEREFORE, Defendants prays that the Court:

A.   Enter Judgment for Defendants and against Plaintiff on all/any claims and for filing the claims in bad faith and without legal or factual basis against Defendants ;

B.   Award Defendants their reasonable attorney's fees, costs of investigation, and other costs and expenses incurred in the defense of this action; and

C.   Grant Defendants such other relief as may be just and equitable.

Dated: July 12, 2021          Respectfully submitted,

*/s/ Karl Barnickol*

TONYA G. NEWMAN
tnewman@nge.com
KARL R. BARNICKOL
kbarnickol@nge.com
Neal Gerber & Eisenberg, LLP
2 North LaSalle St., Suite 1700
Chicago, Illinois 60602
(312)269-8000 (Telephone) and

RICHARD W. EPSTEIN (*Pro hac vice*)
richard.epstein@gmlaw.com
Greenspoon Marder LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
954-491-1120 (Telephone)

MATTHEW S. RAPKOWSKI (*Pro hac vice*)
matthew.rapkowski@gmlaw.com
Greenspoon Marder LLP
590 Madison Ave., Suite 1800
New York, NY 10022
212-524-5000 (Telephone)

*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing ***Defendants BrightSpeed Solutions, Inc. and Kevin Howard's Answer, Defenses, and Affirmative Defenses to Plaintiff's Complaint*** was filed with the Court and served on all counsel of record via the ECF system on July 12, 2021.

*/s/ Karl Barnickol*
Karl Barnickol

32493361.1