IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, ) | |
| ) | Case No. 1:21-cv-01199 |
| *Plaintiff,* ) | |
| ) | Judge John J. Tharp |
| v. ) | |
| ) | Magistrate Susan E. Cox |
| BrightSpeed Solutions, Inc., and Kevin Howard, ) | |
| ) | |
| *Defendants*. ) | |

## JOINT STATUS REPORT AND
## PROPOSED CASE MANAGEMENT SCHEDULE

**1.** **Motions:**

Briefly describe any pending motions.

There are no pending motions.

**2.** **Status of Settlement Discussions:**

A. Indicate whether any settlement discussions have occurred;

*Plaintiff's Response:*

The parties had been actively engaged in settlement discussions through July 2021. On August 10, Defendants informed the Bureau that they had not been able to obtain the funds necessary to settle this matter according to the terms the Parties had previously negotiated, which contemplated obtaining an advanced payment on a note due to a company owned by Defendant Howard with a current due date of June 2022. Therefore, while the Bureau remains open to settling this matter, the Bureau believes settlement no longer appears likely. Defendants, on the other hand, believe that a settlement can proceed.

*Defendants' Response:*

The parties had been actively engaged in settlement discussions through July 2021. On August 10, Defendants informed the Bureau that they had not been able to obtain an advanced payment on a note due to a company owned by Defendant Howard with a current due date of June 2022, which payment is to comprise a portion of the monetary component of the settlement. Therefore, while the Bureau remains open to settling this matter, the Bureau believes settlement no longer appears likely.

Defendants, on the other hand, believe that the settlement as negotiated can be completed.

B. Describe the status of any settlement discussions; and

*Plaintiff's Response:*

As the parties represented to the Court on June 30, 2021 [Docket #27], the parties had reached a settlement in principle. That proposed settlement included injunctive relief, consumer redress, and the payment of a civil penalty. In order to finalize the settlement, Defendants attempted to obtain an accelerated repayment of a loan owed by a third party to a corporation owned by Defendant Howard. However, Defendant Howard has not been able to successfully negotiate an accelerated repayment that would facilitate a settlement with the Bureau as the Parties described to the Court in their July 12, 2021 Status Report and Proposed Case Management Schedule [Docket #29]. While the Bureau remains open to a settlement on the terms previously negotiated, it no longer appears likely that the Defendants will be able to negotiate an accelerated payment of the loan to Defendant Howard. Without this accelerated payment of the loan, and in recognition of the possibility of nonpayment of this loan, Defendants represented to the Bureau that they are unwilling and unable to commit to the payment of the negotiated amount when they cannot guarantee that the third party debtor will satisfy the loan even when it becomes contractually due in June of 2022.

Defendants have agreed to the injunctive relief, consumer redress and a civil penalty with payment of loan proceeds to be directed to the Bureau. It is Defendants' position that they remain willing to irrevocably and unconditionally assign to the CFPB the principal loan payment which is currently due June 2022 when received in order to pay the negotiated amounts. Because the third party that owes the moneys which are due in June 2022 is not under the control of the Defendants, Defendants could not force the acceleration of the note. Defendants are committed to paying the principal of the loan if and when it is received, but cannot provide a date certain.

The Bureau, however, is unwilling to accept the risk of payment default such an assignment would involve. Put simply, if the Defendants cannot agree, without qualification, to pay the amount previously negotiated as part of a settlement, the parties do not have a settlement acceptable to the Bureau.

*Defendants' Response:*

As the parties represented to the Court on June 30, 2021 [Docket #27], the parties have reached a settlement in principle. That proposed settlement included injunctive

relief, consumer redress, and the payment of a civil penalty. The monetary portion of the settlement is to be comprised of a sum of money paid by Defendant Howard together with the proceeds of a note payable to a company owned by Defendant Howard, the amount to be determined. In order to immediately fund the settlement, Defendants attempted to obtain an accelerated repayment of the loan owed by a third party to a corporation owned by Defendant Howard. However, Defendant Howard has not been able to successfully negotiate an accelerated repayment that would then be remitted to the Bureau as the Parties described to the Court in their July 12, 2021 Status Report and Proposed Case Management Schedule [Docket #29]. While the Bureau remains open to a settlement on the terms previously negotiated, it no longer appears likely that the Defendants will be able to negotiate an accelerated payment of the loan. As fully disclosed to the Bureau, Defendants do not have the funds to replace the anticipated loan proceeds, the amount of which has not yet been determined.

Defendants have agreed to all material terms of the proposed settlement: the injunctive relief, consumer redress and a civil penalty, the latter two components funded with Defendant Howard's personal monies and the proceeds of the third-party loan to be remitted to the Bureau. To be clear, Defendants disclosed this asset and the Bureau specifically requested this asset as a component of the settlement. Defendants remain irrevocably and unconditionally committed to this settlement framework, including the unconditional assignment to the CFPB of the principal loan payment, which is currently due June 2022, as requested by the Bureau and agreed by the Defendants. Because the third party that owes the moneys which are due in June 2022 is not under the control of the Defendants, Defendants could not force the acceleration of the note. Defendants are committed to remitting to the Bureau the principal of the loan if and when it is received but cannot commit to doing so by a date certain.

The Bureau, however, is unwilling to accept the risk of payment default such an assignment would involve. Put simply, if the Defendants cannot agree to replace the loan proceeds – the amount of which is still undetermined – the Bureau is unwilling to settle.

C. Whether the parties request a settlement conference.

*Plaintiff's Response:*

Because settlement no longer appears likely, Plaintiff does not request a formal settlement conference.

*Defendants' Response:*

Defendants request a settlement conference. Defendants have agreed to all terms of the proposed settlement. Defendants will remit the principal of the loan when paid by the third party to the Bureau promptly upon receipt. The Bureau is already well aware that Defendants do not have the funds to replace the expected payment of the note. And if Defendants are obliged to defend this action, rather than settle, Defendant Howard's remaining funds will be exhausted by litigation costs.

3. **Parties' Proposed Case Management Schedules**

   *Plaintiff's proposed schedule*:

   A. Rule 26(a)(1) Disclosures and Initial Document Production: August 2, 2021

   B. Complete Fact Discovery: January 10, 2022

   C. Initial Expert Disclosures- February 25, 2022

   D. Rebuttal Expert Disclosures- March 11, 2022

   E. Complete Expert Discovery- April 8, 2022

   F. Non-Dispositive Motions- May 2, 2022

   G. Dispositive Motions- May 27, 2022

   *Defendants' proposed schedule*:

   A. Rule 26(a)(1) Disclosures and Initial Document Production: August 11, 2021

   B. Complete Fact Discovery: July 11, 2022

   C. Initial Expert Disclosures- August 25, 2022

   D. Rebuttal Expert Disclosures- September 12, 2022

   E. Complete Expert Discovery- October 7, 2022

   F. Non-Dispositive Motions- November 2, 2022

   G. Dispositive Motions- November 28, 2022

Dated: August 27, 2021     Respectfully submitted,

  /s/ *Tianna Baez*
Tianna Baez (NY Bar No. 4808598)
Telephone: 240-459-4359
Tianna.Baez@cfpb.gov
Christian H. Woolley (PA Bar. No. 205486)
Telephone: (202) 821-5959
Christian.Woolley@cfpb.gov
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington DC, 20552

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

   /s/   Richard Epstein

Richard Epstein
Matthew Rapkowski
Greenspoon Marder LLP.
Phone Number: 954-267-8028
Email: Richard.Epstein@gmlaw.com


Tonya Gentry Newman
Karl R. Barnickol
Neal, Gerber & Eisenberg LLP
Phone Number: 312-269-8000
Email: tnewman@nge.com

*Attorneys for Defendants*